The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROLAND JESSE DAZA-CORTEZ and RAFAEL VALADEZ-VAZQUEZ,

Defendants.

NO. CR15-269RAJ

ORDER GRANTING STIPULATED MOTION TO CONTINUE TRIAL AND PRETRIAL MOTIONS DEADLINE

THE COURT having considered the stipulated motion to continue trial and pretrial motions deadline filed by all parties in this matter, as well as the record and files herein, including Defendants' written waivers of speedy trial, hereby makes the following findings:

1. Defense counsel and the government have conferred and believe that a trial date in November 2016 or later is appropriate. The parties further submit that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A); 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

2. On August 6, 2015, Mr. Daza-Cortez and Mr. Valadez-Vazquez were indicted on drug, firearm, and/or money laundering charges. (Dkt. No. 1). In the past year, Mr. Daza-Cortez has had four different attorneys. On June 21, 2016, this Court granted Mr. Daza-Cortez's motion to substitute counsel. (Dkt. No. 90). In the past month, counsel has obtained over 7,000 pages of discovery. Much of this discovery consists of financial information related to the money laundering counts.

3. There are substantial assets in play here, including a restaurant Mr. Daza-Cortez co-owns, and over $75,000 seized from his bank accounts. Mr. Daza-Cortez has hired a forensic accountant to investigate the money laundering allegations. This expert needs at least three months to review discovery and complete a report, as demonstrated by her sworn Declaration.

4. Daza's defense counsel has initiated discussion with the government regarding potential resolution. This is all the while defense counsel is urgently attempting to review 7,000 pages of discovery as quickly as possible. At this point, defense counsel simply cannot be prepared to file pretrial motions related to discovery she has not yet reviewed. Further, work by the forensic accountant will influence potential pretrial motions. Thus, defense needs additional time to review the 7,000 pages of discovery received one month ago, draft pretrial motions, negotiate a possible resolution, and prepare for trial.

5. Further, this motion takes into account the exercise of due diligence and the respective schedules of counsel.

6. For all these reasons, a continuance is necessary to allow Mr. Daza-Cortez the reasonable time for effective preparation, taking into account the exercise of due diligence, and in the interests of justice. U.S.C. § 3161(h)(7)(B)(i), (iv). Further, the ends of justice served by a continuance outweigh the best interests of the public and the defendants in a speedy trial. Defendants have executed speedy trial waivers and filed them separately with the Court for consideration. Defendants have requested that the

Court find, for the purpose of computing time limitations imposed by the speedy trial act, that the period of delay from the date this motion is filed to the new trial date as set by this Court, is excludable time pursuant to 18 U.S.C. § 3161(h)(7)(A) and U.S.C. § 3161 (h)(7)(B)(i), (iv).

7. The Court agrees that to perform effectively, and to avoid a miscarriage of justice, the defense needs adequate time to review the evidence, allow a forensic expert to investigate, and consult before the pretrial motions deadline. The Court further agrees that the current schedule provides insufficient time to insure effective motions and trial preparation, taking into account due diligence, within the meaning of 18 U.S.C. §§ 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv).

8. Counsel for the defendants represent that their clients agree with the assessment that a trial continuance is necessary in light of the newly added charges, and both defendants have submitted written "waivers" of the right to a speedy trial.

9. Under these circumstances, the Court finds that a failure to grant the continuance would deny counsel the reasonable time necessary for effective preparation, taking into account due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

10. The Court further finds that the ends of justice will be served by ordering a continuance in this case, that a continuance is necessary to insure effective trial preparation and that these factors outweigh the best interests of the public in a more speedy trial, within the meaning of 18 U.S.C. § 3161(h)(7)(A).

IT IS THEREFORE ORDERED that the parties' stipulated motion to continue trial date and pretrial motions (Dkt. #92) is GRANTED. The trial date in this matter is continued to January 23, 2017. All pretrial motions, including motions in limine, shall be filed no later than December 8, 2016.

///

///

///

IT IS FURTHER ORDERED that the time period between the date of this order to the new trial date of January 23, 2017, is a reasonable delay and is excludable time as to both Defendants, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(6).

DATED this 16th day of August, 2016.

The Honorable Richard A. Jones
United States District Judge