The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:15-cr-00269-RAJ |
| Plaintiff, | |
| v. | ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| ROLAND JESSE DAZA-CORTEZ, | |
| Defendant. | |

## I. BACKGROUND

This matter comes before the Court on Defendant Roland Jesse Daza-Cortez's motion for compassionate release. Dkt. 216. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

When he was arrested in August 2015, Roland Jesse Daza-Cortez was the co-owner of Avocados Mexican Restaurant in Everett, Washington. For several years before that arrest, law enforcement received information that he was a high-level drug trafficker, and that the restaurant he co-owned was a locus of drug trafficking and money laundering. Mr. Daza-Cortez and two co-defendants were arrested on August 12, 2015. The searches executed in conjunction with their arrests led to the recovery of significant amounts of methamphetamine, heroin, and cocaine, a large amount of drug proceeds, and more than 20 firearms, many of which were stolen.

Mr. Daza-Cortez ultimately entered a guilty plea to Conspiracy to Distribute Controlled Substances and Money Laundering.  Dkt. 171.  On November 3, 2017, this Court sentenced him to a prison term of 126 months, followed by five years of supervised release.  Dkt. 193.  He is currently serving his sentence at a Bureau of Prisons low security facility, FCI Yazoo City, Mississippi, with a projected release date of August 18, 2024.

On April 21, 2020, Mr. Daza-Cortez filed the instant motion for compassionate release, requesting that the Court reduce his custodial sentence to time served.  Dkt. 216. Mr. Daza-Cortez indicates he has no objection to the Court imposing a period of compliance with the United States Probation location monitoring program or additional time on supervised release in lieu of continued incarceration.  Dkt. 237.

Mr. Daza-Cortez's briefing sets forth three principal arguments he contends present extraordinary and compelling reasons for his immediate release.

First, having already contracted coronavirus 2019 (COVID-19) while in custody, Mr. Daza-Cortez argues his history of medical conditions, including high blood pressure, increase his risk of complications should he be re-infected with the virus.  Dkt. 228.

Second, Mr. Daza-Cortez contends the officials at FCI Yazoo City have failed to control the outbreak, are unable to adequately manage the pandemic, were unable to prevent him from contracting the virus, and cannot protect him from contracting it again. Dkt. 228.

Mr. Daza-Cortez requests the Court consider his performance in the institution while serving a significant portion of his mandatory minimum sentence.  He states that, when taken in conjunction with the stated goal of Congress and the Attorney General that the inmate population should be reduced, these factors constitute grounds for immediate release under the statute.  Dkt. 228.

Finally, Mr. Daza-Cortez claims he would not pose a danger to the community if released, arguing that while his underlying criminal conduct was serious, his behavior during his incarceration, including his minimal disciplinary issues and his efforts to

ORDER  - 2

pursue an education, weighs against a finding of future danger to any person or the community.  Dkt. 228.

The Government responds that because Mr. Daza-Cortez has not presented extraordinary and compelling reasons for a reduction in sentence, and because he continues to present a danger to the community, his motion for compassionate release should be denied.  The Government contends that the medical records received from FCI Yazoo City show that Mr. Daza-Cortez has already tested positive for COVID-19, and that as a result, he cannot reasonably be released to the community; rather, he should continue to receive all necessary and appropriate medical treatment at the institution or, should it become necessary, be transferred to an appropriate nearby hospital facility.  The Government argues that beyond his COVID-19 related claims, Mr. Daza-Cortez has offered no other basis for his release and that he has offered no evidence to demonstrate he no longer presents a danger to the community.  Dkt. 220.

## II. DISCUSSION

### A.    Legal Standard for Compassionate Release

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13.  The policy statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13 cmt. n.1.  The policy statement also directs a court to consider

the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take.  USSC § 1B1.13 cmt. n.4.

Mr. Daza-Cortez's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  As amended, § 3582(c)(1)(A) permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."  As relevant to Mr. Daza-Cortez's motion, the statute now provides:

> (c) Modification of an imposed term of imprisonment. --The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The relevant statute gives this Court authority to reduce a previously imposed sentence if three requirements are satisfied: (1) the inmate has either exhausted administrative review of the Bureau of Prison's failure to bring such a motion, or waited until 30 days after the request was made to the warden where the inmate is housed if that is earlier; (2) the inmate has presented extraordinary and compelling reasons for the

1  requested reduction; and (3) the reduction is consistent with the Sentencing
2  Commission's policy statement.

3          **B.      Exhaustion of Administrative Remedies**

4          It is undisputed that Mr. Daza-Cortez has met the exhaustion requirement.  On
5  May 20, 2020, counsel for Mr. Daza-Cortez submitted an email to the warden at FCI
6  Yazoo City, which the Government agrees was sufficient to trigger the 30-day period
7  contained in 18 U.S.C. § 3582.  Dkt. 235.  When Mr. Daza-Cortez realized his request for
8  administrative relief was not submitted before he was isolated in quarantine as previously
9  believed, he also submitted a request to the warden on May 22, 2020.  Dkt. 237, Ex. 1.

10         On May 26, 2020, Mr. Daza-Cortez received a response that confirmed receipt of
11 his request for compassionate release and indicated it had been forwarded to Yazoo
12 City's Reduction-in-Sentence Coordinator.  The response indicated if Mr. Daza-Cortez
13 did not receive a further response within 30 days from the date he submitted his request,
14 he could then file his motion for compassionate release with the Court.  Dkt. 237, Ex. 1.
15 No further communications from the institution were received.

16         The Government agrees Mr. Daza-Cortez's administrative remedies have been
17 exhausted and his motion for compassionate release is now properly before this Court for
18 consideration.  Dkt. 237.

20         **C.      Extraordinary and Compelling Circumstances**

21         The Court must next determine if extraordinary and compelling circumstances
22 warrant a reduction of Mr. Daza-Cortez's term of imprisonment.  *See* 18 U.S.C.
23 § 3582(c)(1)(A)(i); USSG § 1B1.13.

24         The policy statement referenced in § 3582(c)(1) was promulgated by the
25 Sentencing Commission pursuant to the authority Congress vested in it in 28 U.S.C.
26 § 994. That statute provides:

27              The Commission, in promulgating general policy statements regarding the
28              sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall

ORDER  - 5

describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(f).

Consistent with this statute, the applicable policy statement can be found at Section 1B1.13 of the United States Sentencing Guidelines. That statement provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--

(1)(A) Extraordinary and compelling reasons warrant the reduction…

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and

(3) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(4) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2019).

In the commentary, the Commission goes on to explain what constitutes "extraordinary and compelling reasons" to support a reduction in sentence. Specifically, Application Note 1 provides that extraordinary and compelling reasons exist if the defendant is suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.n.1.

When an inmate has health conditions that make them significantly more vulnerable to COVID-19, that likewise may constitute an extraordinary and compelling circumstance. *See e.g., United States v. Cosgrove,* Case No. CR15-0230-RSM, -F. Supp.

ORDER - 6

3rd-, 2020 WL 1875509 (W.D. Wash. April 15, 2020; *United States v. Dorsey,* Case No. CR16-0138-BLW-JCC, 2020WL 2562878 (W.D. Wash. May 19, 2020).

While some courts have held, as argued by the Government, that the Sentencing Commission's policy statement on compassionate release remains controlling in the wake of the First Step Act, this Court agrees with the position taken by numerous courts that the "old policy statement provides helpful guidance, [but]…does not constrain [a court's] independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)." *United States v. Cosgrove, Id.; United States v. Rodriguez,* 2020 WL 1627331, (E.D. Penn. Apr. 1, 2020; *United States v. Almontes,* 2020 WL 1812713 (D. Conn. Apr. 9, 2020); *United States v. Haynes,* No. 93 CR1043 (RJD), 2020 WL 1941478 (E.D. N.Y. Apr. 22, 2020); and *United States v. Maumau,* No. 2:08-cr-00758-TC-11, 2020 WL 806121 (D. Utah, Feb. 18, 2020).

Mr. Daza-Cortez argues his physical health, the continued risks associated with his positive test for COVID-19, and the failure of the Bureau of Prisons at FCI Yazoo City to contain the spread of the virus, represent extraordinary and compelling grounds to reduce his sentence to time served.  He argues his release will contribute to the goal of reducing the prison population, which has been at the epicenter of the pandemic, thus thwarting the continued transmission of COVID-19.  Mr. Daza-Cortez contends these factors, when coupled with the severity of the sentence dictated by a mandatory minimum and his lack of discipline in the institution while serving a significant portion of his imposed term of incarceration, constitute grounds for a reduction in his sentence to time served.  Dkt. 237.

Mr. Daza-Cortez's available medical records, spanning from April 29, 2020 through May 21, 2020, reflect that he tested positive for COVID-19 on April 23, 2020 and again on May 13, 2020.  Dkt. 234, p. 6 and 9-13.  The evidence submitted to this Court indicate Mr. Daza-Cortez is asymptomatic and in quarantine.  It is unclear whether the BOP has tested him since May 13, 2020.  Dkt. 233, 234.  What is clear is that his

medical records note that his COVID-19 diagnosis is listed under "Resolved" medical issues.  Dkt. 237, Ex. 2.

Mr. Daza-Cortez argues he is not out of harm's way simply because he previously tested positive for COVID-19, and that having survived COVID-19, his circumstances are still extraordinary and warrant relief, as there is currently no evidence that people who have recovered from COVID-19 may have antibodies or are necessarily protected from a second infection.  Dkt. 237.

The Government responds that Mr. Daza-Cortez's current medical condition precludes immediate release.  In his motion, Mr. Daza-Cortez asserts that he has pre-existing medical conditions including asthma, tuberculosis, depression, and anxiety.  However, the Government notes neither the presentence report nor the medical records received from the Bureau of Prisons reflect any reports or diagnosis of asthma or tuberculosis.  Rather, the medical records provided by the Bureau of Prisons indicate that since his incarceration, Mr. Daza-Cortez, has been treated for depression, gastroesophageal reflux disease (GERD), and colitis.  Dkt. 220.

The Government further argues that because Mr. Daza-Cortez has tested positive for COVID-19, it would not be advisable to release him from BOP custody at this time, and that should the disease cause any medical problems, his request can always be renewed with new information.  The Government contends that, aside from COVID-19, the medical conditions he claims are not supported by the records and that Mr. Daza-Cortez has offered nothing that would provide any basis to reduce his sentence, much less the type of extraordinary and compelling reason envisioned by the statute.  Dkt. 220.

In response to Mr. Daza Cortez's argument that officials at FCI Yazoo City have failed to take adequate measures to control the spread of COVID-19, the Government has set forth in detail the efforts the Bureau of Prisons has undertaken to combat and control the spread of the virus in its facilities, including at FCI Yazoo City.  Dkt. 220.

More specifically, Mr. Daza Cortez's medical records regarding his COVID-19 condition reflects a "Resolved" determination, indicating he has been treated and

1    recovered.  His treatment included isolation, thirty-minute checks, monitoring throughout

2    the day by medical staff, and assurances that he would be transferred to a hospital facility

3    should his oxygen levels indicate that he was in need of oxygen or other breathing

4    assistance.  Dkt. 220, p. 4.  Since the method of treatment combined with the health of

5    Mr. Daza-Cortez were successful in getting him to a COVID-19 "Resolved" diagnosis, it

6    does not appear that he is currently suffering any current adverse effects from his positive

7    tests.

8           Consequently, what is left in Mr. Daza-Cortez's compassionate release request is

9    predicated upon his generalized fear and speculative prospect that he will suffer a

10   reoccurrence of the disease.  There is no evidence that the FCI Yazoo City facility is

11   unprepared or incapable of addressing his medical needs should this occur.

12          While Mr. Daza-Cortez expresses concern about his prolonged exposure and the

13   national emergency due to the COVID-19 pandemic, neither he nor anyone else can

14   predict the extent to which COVID-19 cases might arise at his facility or if he is even

15   capable of contracting it again.  What is known is that Mr. Daza-Cortez is at a facility

16   that has the capacity to treat him or authorize immediate transfer to a hospital should he

17   be reinfected or require an advanced degree of care.

18          There is no evidence in the record that Mr. Daza-Cortez currently suffers from

19   chronic conditions that significantly impact his day-to-day living, that he is suffering

20   from serious physical conditions or functional impairments or deteriorating physical and

21   mental health, affecting his ability to provide self-care while incarcerated. *See* U.S.S.G.

22   § 1B1.13 cmt. n.1.

23          Having made this determination, there is no need for this Court to examine

24   whether Mr. Daza-Cortez presents a danger to the safety of any other person or to the

25   community or engage in analysis of the other factors of 18 U.S.C. §3142(g). *See also*

26   U.S.S.G. §1B1.13 (2).

27

28

ORDER  - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.  CONCLUSION

For the foregoing reasons, Defendant Jonathan Brent Daza-Cortez's motion for compassionate release is **DENIED**.

DATED this 24th day of June, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER  - 10